# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

LAWRENCE HUGHES AND DEIDRA
HUGHES

NO.   2024 CW 0008

VERSUS

HENRY JENKINS, JR., REPLACEMENT
PARTS INC., ZURICH AMERICAN
INSURANCE CO., AND LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

**MAY 17, 2024**

---

In Re:   Henry Jenkins, Jr., Replacement Parts, Inc., and
Zurich American Insurance Company, applying for
supervisory writs, 19th Judicial District Court,
Parish of East Baton Rouge, No. 704108.

---

**BEFORE:   McCLENDON, HESTER, AND MILLER, JJ.**

**STAY LIFTED; WRIT DENIED.**

CHH
SMM

McClendon, J., concurs in part and dissents in part.   I concur
with lifting the stay, but would grant the writ.   All motorists have
a never-ceasing duty to maintain a sharp lookout and to see that
which in the exercise of ordinary care should be seen. **Theriot v.
Bergeron**, 2005-1225 (La. App. 1st Cir. 6/21/06), 939 So.2d 379, 383.
Moreover, our courts have recognized that a professional truck
driver is a superior actor in the eyes of the law and, as such, is
held to a high standard of care.   **Id.**   However, the driver of a
motor vehicle also has a duty to comply with any lawful order or
directive of any police officer with the authority to direct,
control, or regulate traffic.   **Id.**; La. R.S. 32:56(A).   Where the
evidence shows that a defendant driver moved forward in compliance
with the directions of a traffic officer at a slow speed and in a
careful and prudent manner, the driver cannot be charged with
negligence.   **Theriot**, 939 So.2d at 383-84.   I find the defendants,
Henry Jenkins, Jr., Replacement Parts, Inc., and Zurich American
Insurance Company (collectively "Jenkins defendants"), set forth
sufficient evidence to show that Henry Jenkins, Jr. proceeded
through the intersection where plaintiff, Lawrence Hughes, was
working in a utility bucket, pursuant to the directive of Trooper
Austin Douglas, and Jenkins did so at a slow speed and in a careful
and prudent manner.   I further find the plaintiffs failed to provide
sufficient evidence to demonstrate a genuine issue of material fact
regarding Jenkins' failure to proceed through the intersection, as
directed by Trooper Douglas, in a safe and prudent manner.
Accordingly, I would grant the motion for summary judgment filed by
the Jenkins defendants and dismiss the plaintiffs' claims against
them.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT